FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

2013 JAN 22 A 11: 40

| | |
|---|---|
| Clara Akalarian | : |
| Plaintiff | : |
| Vs. | : C.A No. 13- 41 M |
| Federal National Mortgage Association | : |
| OneWest Federal Bank, FSB | : |
| Defendant | : |

## COMPLAINT TO CLEAR TITLE AND TO STAY FORECLOSURE[1]

**Parties**

1. Clara Akalarian, ("**Clara**") is a resident of the State of Rhode Island who lives at address of 793 Namquid Drive Warwick Avenue, Warwick, Rhode Island.

2. Defendant Federal National Mortgage Association, (hereinafter referred to as "Fannie Mae", is a foreign corporation authorized to do business within the State of Rhode Island, whose corporate office is located at 3900 Wisconsin Avenue, N.W. Washington, D.C. 20016.

3. *Defendant* OneWest Federal Bank, FSB ("**OneWest**") is located at 7700 W. Palmer Ln. Bldg. D, Austin, Texas, and which purports to have purchased the rights to foreclose in fee simple from the Mortgage Electronic Registration Systems, Inc.

---

[1] **(Edited Substitute)**

**Jurisdiction and Venue**

4. This Honorable Court has original jurisdiction under the provisions of 28 U.S.C. 1331 (federal question-unconstitutional foreclosure process) and pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because the Defendant is a foreign corporation based outside of the State of Rhode Island and because the Defendant is a federally created corporation.

5. This Honorable Court has also supplementary jurisdiction over the state court claims included herein pursuant to 28 U.S.C § 1337 and jurisdiction to declare the rights of the parties without further relief pursuant to 28 U.S.C. § 2201.

6. The matter in controversy, the taking of a home, exceeds seventy five thousand ($75,000.00) exclusive of interest and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 b) (2) in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of this action is situated within the State of Rhode Island.

8. Plaintiff further avers that this Honorable Court has jurisdiction to redressible claims over the matters in this complaint pursuant to the following statutes:

a) Plaintiff, pursuant to 42 U.S.C. § 1983, claims a potential loss of her state property rights to redeem the mortgage deed, if any, from the Defendant, after before an unconstitutional foreclosure by advertising has occured without prior judicial approval.

b) Plaintiff claims ownership of the latter described premises and seeks to clear its title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4 and pursuant to 28 U.S.C § 1337 and to 28 U.S.C. § 2201;

c) Plaintiff claims that only she has a marketable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, forty (40) years of ownership of the fee interest, and, pursuant to 28 U.S.C § 1337 and to 28 U.S.C. § 2201,

d) Plaintiff seeks a judicial determination pursuant to R.I.G.L. § 9-30-2 and to 28 U.S.C. § 2201as to whether her title to the premises is affected by any conveyance of another person in its chain of title.

9. In this controversy, there is a void mortgage deed and a void assignment and an unconstitutional foreclosure process which is subject to the orders of the Honorable Judge John McConnell in Misc. No. 11-mc-88-M-LDA in which challenged foreclosures and evictions are temporarily restrained and enjoined.

10. Pursuant to the Order of McConnell, J. dated August 16, 2011, as stated in pertinent part "3. All mortgage foreclosure cases (currently filed and to be filed in the future) are subject to this Order, and thus "are hereby **STAYED** *** so until further order of the Court."

Title History.

11. On or about, August 11, 1983, Clara Akalarian took ownership of the premises at 793 Namquid Drive, Warwick, Rhode Island, as recorded at Book 510, page 100.

12. On November 27, 2006, Clara Akalarian a signed mortgage form 3040 1/01 (rev. 11/02), which purported to secure to the lender, Nation One Mortgage Company,

3

Inc. of the repayment of a promissory note dated November 27, 2006 in the sum of Three Hundred and Thirty Four Thousand and 00/100 ($334,000.00) Dollars. The November 27, 2006 mortgage and security agreement to Nation One Mortgage Company, Inc. was recorded at Book 6409, Page 6 in the land records of Warwick, Rhode Island as secured by certain improved real estate owned by Clara Akalarian located at 793 Namquid Drive, Warwick, Rhode Island.

13. The mortgage deed was void because the power of sale and the condition of sale and the promissory note were not granted to the lender.

14. Furthermore, on an unknown date, an Allonge to the Mortgage Note dated November 27, 2006, purported to assign the interest in the note from Nation One Mortgage Company, Inc., to IndyMac Bank F.S.B. The Allonge to the Mortgage Note is endorsed in blank, and pursuant to R.I.G.L. 6A-3-201 et al. the assignment of a negotiable instrument must be endorsed in order for it to be payable to bearer, or enforced by the bearer.

15. The Allonge was void and thus the mortgage deed was void.

16. On July 11, 2008, IndyMac Bank, F.S.B., Pasadena, CA was closed by the Office of Thrift Supervision of the U.S. Department of Treasury named the Federal; Deposit Insurance Corporation ( FDIC ) was named Conservator. All non-brokered insured deposit accounts and substantially all of the assets of IndyMac Bank, F.S.B. were transferred to IndyMac Federal Bank, F.S.B. (IndyMac Federal Bank), Pasadena, CA which was the "assuming institution") as a newly chartered full-service FDIC-insured institution.

17. FDIC has not authorized MERS to assign IndyMac Bank F.S.B.'s Mortgage Note.

18. The receivership managed by established by the FDIC owned the mortgage deed and note granted to Nation One Mortgage Company, Inc. by the Plaintiff Clara Akalarian.

19. On May 12th, 2009, Defendant MERS purported to assign its putative interest in the Mortgage Deed dated November 27, 2006 to Defendant OneWest Bank, F.S.B. ("OneWest"); and that void assignment was recorded in Book 7075, page 81 of the Warwick Land Evidence Records. There was no recorded evidence that the Mortgage Electronic Systems Inc. (MERS) ever held the note or had endorsed the note or had been authorized by the FDIC to assignment the note and mortgage deed.

20. On May 29, 2009, Bendett & McHugh claimed that it was representing OneWest Bank, FSB as holder a MERS mortgage on 793 Namquid Drive, Warwick, Rhode Island; and One West Bank, FSB was owed the sum $371,688; that it was accelerating the payment date of the promissory note, and that it intended to foreclose upon a mortgage deed recorded at Book 6409, page 6.

21. On June 30, 2009, IndyMac Mortgage Services, a division of OneWestBank, FSB informed Clara Akalarian that it had transferred the mortgage servicing rights of One West Bank,FSB to FASLO Solutions, LLC of 1400 Corporate Drive, Irving Texas.

22. On December 1, 2009. tThe Plaintiff Clara Akalarian redeemed the her property tax certificate from the Rhode Island Housing and Mortgage Finance Corporation which it had purchased at a tax certificate sale on July 14, 2009 as recorded at Book 7101 at page 36 in the land records of the City of Warwick, Rhode Island.

23. On August 2, 2010 Bendett & McHugh claimed that it was representing OneWest Bank, FSB as holder a MERS mortgage on 793 Namquid and said it intended to foreclose on September 22, 2010.

24. On January 10, 2013, Harmon Law purportedly representing the Federal National Mortgage Association demanded that Clara Akalarian remove herself from her premises at 793 Namquid Drive, Warwick, Rhode Island.

**Illegal Acts.**

25. On September 22, 2010, as recorded in Book 7355 at pages 297 through 306, purported foreclosure deed, One West Bank, on information and belief, falsely averred that a representative of the Defendant Federal National Mortgage Association was present at 793 Namquid Drive, Warwick, Rhode Island to bid the sum of four hundred and twenty five thousand Nine Hundred and Twelve dollars and eight cents, (425.912/08).

26. The foreclosure auction, as allegedly authorized by R.I. §34-11-22 was void because it did not conform to the provisions of Chapter 11, Title 34; and because the Defendant OneWest Bank, F.S.B, was acting under the color law to take Plaintiff's property without due process, and was taken through a broken chain of title; and thus unconstitutional pursuant to the application of 42 USC §1983.

27. On October 6, 2010, Defendant Fannie Mae took by a defective auction took putative title from Clara Akalarian's real estate located at 793 Namquid Drive, Warwick, Rhode Island ,as such was recorded in Book 7355 at page 297 of the Warwick land evidence records.

28. The Lender, Nation One Mortgage Company Inc., never invoked the statutory power of sale in this matter.

29. The Lender, Nation One Mortgage Company Inc., failed to mail a notice of sale to the Borrower.

30. The Lender, Nation One Mortgage Company Inc. never published the notice of sale.

31. Defendant OneWest, which is not the Lender, wrongly and without contractual or statutory authority, attempted to invoke the power of sale.

32. Defendant OneWest, which is not the Lender, wrongly published the notice of sale without contractual or statutory authority.

33. The actions taken by Defendant, OneWest were without any force or effect relative to the invocation of the statutory power of sale or the actual sale of the property because OneWest was not the Lender, was not an assignee of the lender, and did hold an endorsed note and was not assigned the mortgage deed by the lender.

34. The foreclosure sale was not noticed or scheduled or advertised as required by the holder of the Note and Mortgage.

35. To foreclose pursuant to R.I. Gen. Law §34-11-22, the language of the Statute and the Note and Mortgage must be followed to the letter and strictly construed.

36. The foreclosure is not in compliance with statutory mandates and is not in compliance with the plain language in the Note and Mortgage.

37. A mortgagee did not sign the mortgage notices or attempt to resolve the foreclosure as required by R.I. law.

38. Some of the foreclosure documents were signed without a recorded power of attorney.

39. The Lender, Nation One Mortgage Company Inc., was the only party, pursuant to the plain language of the mortgage, which was authorized to foreclose.

40. The facts and documents relative to this matter establish that any foreclosure relative to this property must be done judicially and not by way of advertisement and auction due to failure to exactly follow the letter of the law.

41. The Mortgage Note of the Plaintiff, Akalarian, was not endorsed as payable to MERS, or to OneWest Bank, F.S.B.

42. The assignment recorded on Book 7075, Page 81 references a transfer of a Mortgage Note which did not take place.

43. The mortgage deed granted by Akalarian does not state that the mortgagee or its assigns may invoke the Statutory Power of Sale. Only the Lender is authorized to invoke the power of sale.

44. The assignment recorded on Page 81 Book 7075 by MERS is without authority of FDIC.

45. MERS, based upon information and belief, is and was without actual possession of the original mortgage note and mortgage deed.

46. Defendants IndyMac and OneWest failed to send notice of its proposed foreclosure by advertising to the Plaintiff.

47. MERS and OneWest, based upon information and belief, are and were without actual possession of the original mortgage note and mortgage deed signed by Clara Akalarian.

48. IndyMac and OneWest are without ownership of the statutory condition and without ownership of the statutory power of sale necessary to effectuate a foreclosure against the Plaintiff.

49. IndyMac and OneWest do not have nor ever had in their possession a promissory note naming them as payee in contravention to the Uniform Commercial Code.

50. The putative mortgage deed of record does not secure the realty pursuant to Rhode Island law.

51. There are no assignments of record that conform to Rhode Island law.

52. Such assignments described were void conveyances as they only transferred a personality interest, i.e., a beneficial interest and not a realty interest.

53. No valid power of attorney was recorded for the assignment executed by MERS.

54. OneWest foreclosed on property of Clara Akalarian without due process.

55. By virtue of these facts and the legal consequence thereof, the foreclosure failed to vest title in OneWest or the successful bidder at the foreclosure sale.

56. Defendant FNMA, through its attorneys, have nevertheless demanded that Clara Akalarian vacate her premises and have threatened her with eviction, although she remains to have legal title

57. Plaintiff has no other adequate remedy at law and will suffer irreparable harm.

58. Plaintiff is eighty four years old.

**WHEREFORE,** Plaintiff demands that this Honorable Court:

i. Declare the provisions of R.I.G.L. § 34-11-22 to be unconstitutional as applied to non note holder.

ii. Enjoin and restrain the Defendants from continuing or initiating any foreclosure actions or eviction actions against the Plaintiff until the title to the property in dispute is cleared;

iii. Otherwise permanently enjoin and restrain the Defendants from initiating, pursuing, or filing any foreclosure actions, eviction actions, or otherwise exercising or demonstrating any scintilla of ownership of the demised premises located at 793 Namquid Drive in Warwick, Rhode Island;

iv. Declare that the assignments to the Defendants are null and void under Rhode Island law;

v. Declare that the foreclosure process against Plaintiff's property was illegal and therefore null and void;

vi. Declare that Plaintiff owns the premises at 793 Namquid Drive in Warwick, Rhode Island in fee simple and that hers title is superior to the claims of the Defendants or any other parties;

vii. Award the Plaintiff reasonable attorney's fees and costs;

viii. Grant such other relief which is just and equitable.

ix. Declare that the MERS mortgage deed and assignments to be null and void under Rhode Island law;

x. Declare that Plaintiff owns the premises at 793 Namquid Drive in fee simple and that her title is superior to the claims of the Defendant.

xi. Declare the provisions of R.I.G.L.§34-11-22, as enforced by R.I.G.L.§ 34-18.1, et al, are unconstitutional because they allow for the taking of the Plaintiff's property rights in 793 Namquid Drive, in Providence, Rhode Island without judicial review.

xii. Award the Plaintiff reasonable attorney's fees and costs,

xiii. Grant such other relief which is just and equitable.

>Plaintiff, Clara Akalarian,
>By her Attorney,
>
>*/s/ Keven A. McKenna*
>Keven A. McKenna, Esq. (R.I. Bar #0662)
>23 Acorn Street
>Providence, RI 02903
>(401) 273-8200
>(401) 521-5820 (fax)
>kevenm@kevenmckennapc.com

Plaintiff Demands Jury Trial.